# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| THOMAS C. HOLLENSHEAD | § | |
| | § | Civil Action No. 4:18-CV-724 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| BANK OF AMERICA, N.A., ET. AL. | § | |
| | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 19, 2020, the report of the Magistrate Judge (Dkt. #74) was entered containing proposed findings of fact and recommendations that Defendants Bank of America, N.A. ("BANA") and National Residential Assets Corp.'s ("NRA") (collectively, "Defendants") Motion for Summary Judgment (Dkt. #62) be granted and Plaintiff Thomas C. Hollenshead's Motion for Partial Summary Judgment (Dkt. #64) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #78), Defendants' Response (Dkt. #80), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

The Court briefly restates the history of this case. Plaintiff filed the instant suit on September 28, 2018, in the 397th Judicial District Court for Grayson County, Texas (Dkts. #1; #3), and it was later removed to the Eastern District of Texas in October 2018 (Dkts. #1; #3). Plaintiff, by and through his suit, once more seeks to prevent foreclosure of the real property located at 12900 Van Alstyne Parkway, Van Alstyne, Texas 75495 (the "Property") (Dkts. #1-2; #59 at p. 3; #62 at p. 4).

Plaintiff purchased the Property on August 25, 2005 (Dkt. #62-1 at p. 2). In connection with the purchase, he executed a Note for $489,600.00 and Deed of Trust (together, Plaintiff's "Loan") (Dkts. #59 at p. 3; #62-2 at pp. 1–33). Defendant NRA is the current holder of the Note and BANA is the current mortgage servicer (Dkts. #59 at p. 2; #62 at p. 4; #64-3 at pp. 1–11). Plaintiff defaulted on the Loan more than a decade ago, in March 2009, and remains in default (Dkts. #59 at pp. 3–4; #62-1 at pp. 4–5).

Plaintiff has previously sought to avert foreclosure through litigation. *See Hollenshead v. Nat'l Residential Assets Corp.*, No. 4:14-cv-766-ALM (E.D. Tex. Nov. 25, 2014), ECF No. 1-4 (Plaintiff's "First Lawsuit"). Plaintiff's First Lawsuit was dismissed without prejudice in 2016. *First Lawsuit*, ECF No. 17. Following dismissal, Plaintiff sent Defendants various correspondence regarding his Loan and continued his efforts to obtain a loan modification (Dkts. #59 at pp. 5–7; #62-2 at pp. 34–45, 46–47). Plaintiff was denied a modification on several occasions; Defendants allege the denials stemmed from Plaintiff's failure to submit the documents necessary to support his applications (Dkts. #59 at p. 6; #62 at pp. 6–7). Plaintiff was ultimately approved for a loan modification which required Plaintiff to make three "trial period" payments (Dkts. #59 at p. 7; #62 at p. 8; #62-2 at pp. 74–80). Plaintiff declined this modification, and Defendants again sought to foreclose. Plaintiff then filed this, his second lawsuit, obtaining injunctive relief from the state court which halted the October 2, 2018 foreclosure sale (Dkt. #3 at p. 5).

Plaintiff's Amended Complaint, the live pleading in this case, asserts claims for violations of the Real Estate Settlement Procedures Act ("RESPA") and Fair Debt Collection Practices Act ("FDCPA") and seeks specific performance and a declaratory judgment that Defendants' right to foreclose on the Property is barred by limitations (Dkt. #59). Defendants filed a Motion for Summary Judgment on February 18, 2020 (Dkt. #62), and Plaintiff filed a Motion for Partial

Summary Judgment the same day (Dkt. #64).  The Magistrate Judge recommended granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment (Dkt. #74).  Specifically, the Magistrate Judge found (1) Plaintiff has abandoned any claims for breach of contract and/or bad faith; (2) Plaintiff's RESPA claims fail because Defendant NRA is not the mortgage servicer on Plaintiff's Loan and Plaintiff's alleged RESPA letter and/or loan modification applications did not constitute a QWR under the statute; (3) Plaintiff's FDCPA claims are time-barred, NRA is not a debt collector under FDCPA, and Defendants did not have a duty to Plaintiff under § 1692g(a) or (b) of that statute; and (4) the limitations period has not run due to Defendants' abandonment of the prior accelerations (Dkt. #74).  On June 3, 2020, Plaintiff filed Objections to the Report, asserting that the Magistrate Judge erred with respect to the limitations finding (Dkt. #78).  Plaintiff does not object to the findings related to Plaintiff's breach of contract, bad faith, RESPA, and/or FDCPA claims; accordingly, the Court adopts such findings and conclusions.  Defendant filed a Response addressing the disputed limitations finding on June 12, 2020 (Dkt. #80).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  Plaintiff raises four primary objections to the Magistrate Judge's finding related to limitations, namely that (1) the new evidence presented raises disputed issues of fact; (2) the limitations period was not tolled and has since expired; (3) Defendants have made numerous misrepresentations previous to and throughout the instant suit which preclude summary judgment; and/or (4) Defendants never abandoned the December 14, 2009 acceleration.

*New Evidence Presented*

In support of Plaintiff's Objections, he proffers copies of bank statements, copies of checks drawn on Plaintiff's checking account, and an affidavit (Dkt. #78-1). Plaintiff's affidavit states "[a]ll the material facts stated in the Motion for Partial Summary Judgment filed contemporaneously with this affidavit are correct and within my personal knowledge" (Dkt. #78-1 at p. 2). None of these documents were previously provided to the Court or submitted in connection with the Parties' earlier summary judgment briefing; as such, they were not considered by the Magistrate Judge. Plaintiff alleges his affidavit, along with the other documents attached to his Objections, "at a minimum, raise[] disputed issues of fact" (Dkt. #78 at p. 1). Defendants object to Plaintiff's new evidence, arguing it was not produced in discovery and has not been authenticated; Defendants aver "such documents are inadmissible and should not be considered for any purpose" (Dkt. #80 at p. 3).

"In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants must submit additional evidence for the district court's de novo review [but] the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Schoppe v. Specialized Loan Servicing, LLC*, No. 3:17-CV-2099-S-BK, 2020 WL 1129969, at *2 (N.D. Tex. Mar. 9, 2020) (quoting *Smith v. Palafox*, 728 F. App'x 270, 276 (5th Cir. 2018). In determining whether to exercise its discretionary authority to consider new evidence, the district court considers:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id.* (quoting *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003)). Plaintiff has presented no explanation for failing to previously provide the new evidence,

nor does he contend that such evidence was previously unavailable to him (Dkt. #78 at pp. 4–5). And although the new evidence is certainly represented to be of importance to Plaintiff's case, Plaintiff cannot defeat summary judgment simply by submitting self-serving affidavit testimony.

The Magistrate Judge's report found that Plaintiff had not made any payment on the Loan since April 23, 2010 (Dkt. #74 at p. 2). Plaintiff now argues he "has repeatedly stated" that no payment was accepted by Bank of America in 2010 (Dkt. #78 at p. 6).[1] Yet, Plaintiff's averment is directly controverted by the evidence attached to Defendants' Motion for Summary Judgment (Dkt. #62) including specifically Plaintiff's Loan payment history which reflects Defendants accepted a payment of $4,213.10 on April 23, 2010 (Dkt. #62-2 at p. 92). And to the extent Plaintiff now contends the Loan payment history "could be a mere manufactured or mistaken document" (Dkt. #78 at p. 6), Plaintiff did not object to or otherwise question the payment history proffered by Defendants until after the Magistrate Judge's report. Furthermore, the Declaration of Arsheen Littlejohn as a Vice President of Defendant BANA, to which the payment history is attached, avers that he "personally reviewed the attached records, and [made] this affidavit from a review of those business records" (Dkt. #62-1 at p. 2). Thus, the payment history is properly authenticated. Littlejohn also swears "BANA has not received a payment on the Loan since [the] April 23, 2010 [payment] and the Loan is due for the June 2009 payment" (Dkt. #62-1 at p. 5). Plaintiff does not create a genuine issue of material fact through submission of the new evidence.

***Limitations Period Not Yet Expired***

Plaintiff next objects to the Magistrate Judge's "conclusion that the Statute of Limitations

---

[1] Interestingly, as referenced earlier, Plaintiff's affidavit itself says "[a]ll of the material facts stated in the Motion for Partial Summary Judgment filed contemporaneously with this affidavit are correct and within my personal knowledge". Only in the body of Plaintiff's Objections does he state, "no payments were accepted by Bank of America". No specific representation is contained in the affidavit regarding the application of a payment in 2010. The evidence submitted by BANA reflects that BANA accepted payments from Plaintiff (even when those payments were not sufficient to make the monthly mortgage payment) and held them in a suspense account.

5

was tolled for a period of 636 days due to the First Lawsuit" (Dkt. #78 at p. 3). In support of this Objection, Plaintiff does not provide new authority but rather cites again to the same cases relied upon in his Motion for Partial Summary Judgment. Plaintiff argues once more the limitations period was not tolled during the First Lawsuit as Defendants were not precluded from "seeking judicial foreclosure either by way of counter-claim or by an independent lawsuit filed in a [state] court" (Dkt. #78 at p. 5). Defendants point out that "similarly-situated plaintiffs have [also] sought to apply the holdings of *Landers* and *Ketmayura* to cases concerning non-judicial foreclosure, and courts have squarely rejected this argument specifically distinguishing between judicial and non-judicial foreclosures" (Dkt. #80 at p. 6). Indeed, the Magistrate Judge expressly addressed the cases upon which Plaintiff relies:

> Plaintiff interprets these cases too broadly. In *Ketmayura*, the district court, relying on the distinction between judicial and nonjudicial foreclosure remedies, held only that dismissal of a Rule 736 proceeding does not toll the statute of limitations for judicial foreclosure, not for all foreclosure remedies. 2015 WL 3899050, at *9. Plaintiff's citation to *Landers*, is similarly misplaced, because that case concerned a judicial foreclosure; it did not involve a nonjudicial foreclosure remedy. In *Landers*, the court merely held that the statute of limitations to obtain a judicial foreclosure order was not tolled by a temporary restraining order and a temporary injunction in a separate lawsuit. 461 S.W.3d at 926-27. *Landers* is inapplicable to this case because it concerned a judicial foreclosure.

(Dkt. #74 at pp. 36–37). Notably, Plaintiff's Objections do not address any of authority relied on by the Magistrate Judge in finding *Landers* and *Ketmayura* inapplicable (*See* Dkt. #74 at p. 37). Additionally, as noted by the Magistrate Judge, "[t]he Fifth Circuit is generally averse to fashioning rules that give debtors the power to force lenders to choose a certain remedy" and "Plaintiff may not force Defendants to elect between their available remedies of judicial and non-judicial foreclosure by the filing of a foreclosure prevention suit" (Dkt. #74 at p. 38). Plaintiff has presented no new or persuasive authority to warrant a different conclusion herein.

6

*BANA's Alleged Misrepresentations*

Plaintiff next claims Defendant BANA's "representatives have made numerous false representations leading up to and during this and the previous lawsuit" (Dkt. #78 at p. 2). Amongst the misrepresentations Plaintiff claims are Defendant's statements that he failed to submit the documents necessary to support his modification applications and certain representations alleged to have been made between counsel for the Parties. "Plaintiff posits that Bank of America cannot be trusted to tell the truth" and that Defendants motives in making these alleged affirmative misrepresentations are "for a Court at a trial to decide" (Dkt. #78 at p. 3). Defendants rejoin that Plaintiff "has presented absolutely no evidence to support these defamatory allegations" (Dkt. #80 at p. 2 n.6); the Court agrees. Moreover, these alleged misrepresentations do not alter the fact that the 2009 Acceleration was abandoned.

*Abandonment of the 2009 Acceleration*

Lastly, upon review of the record evidence, the payment history, which has been properly authenticated, reflects that Defendants received a payment post-acceleration on April 23, 2010. The Court agrees with the Magistrate Judge's finding that this payment, when coupled with the additional Notices of Acceleration and Reinstatement Quote, provide compelling evidence of Defendant's intent to abandon the 2009 Acceleration. There is no genuine issue of disputed fact as to Defendants' abandonment of the 2009 Acceleration.

**CONCLUSION**

Having considered Plaintiff's Objections (Dkt. #78), Defendants' Response (Dkt. #80) and having conducted a de novo review, the Court adopts the Magistrate Judge's Report (Dkt. #74) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Thomas C. Hollenshead's Motion for Partial Summary Judgment (Dkt. #64) is hereby **DENIED**.

It is, further, **ORDERED** that Defendants Bank of America, N.A. and National Residential Assets Corp.'s Motion for Summary Judgment (Dkt. #62) is hereby **GRANTED** and Plaintiff's suit is dismissed with prejudice.

**IT IS SO ORDERED**.

**SIGNED this 29th day of June, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE